UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.M.B., a minor by and through his mother, Elizabeth Blair, individually, and as custodial parent and next friend,

        *Plaintiff,*

v.

SENSIO, INC.,

        *Defendant.*

Case No. 1:23-cv-05872

**[PROPOSED] CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer**: The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on August 20, 2025 via Microsoft Teams.

2. **Summary of Claims, Defenses, and Relevant Issues:**

    Plaintiffs: This is a product liability action in which Plaintiff alleges he suffered burns on or about July 29, 2020, when his parent was rotating the lid of a pressure cooker off, causing the contents to be forcibly ejected to the pressure cooker.

    Defendants: Defendant Sensio, Inc. ("Sensio") was an importer and distributor of pressure cookers. This is a product liability action in which Plaintiff alleges he suffered burns on or about July 29, 2020, when his parent was rotating the lid of a pressure cooker off, causing the contents to be forcibly ejected to the pressure cooker. There has been no discovery in this case, and therefore Sensio is unable to assess the strength or weaknesses of the case, except for likely product misuse.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**: Diversity.

4.  **Subjects on Which Discovery May be Needed**:

    <u>Plaintiffs</u>: Defendant has previously produced responsive document productions to Plaintiffs' discovery requests in related matters pending between counsel for the parties' in this district. Assuming Sensio agrees to applicability of those productions in this matter, Plaintiffs do not anticipate the need for much (if any) discovery.

    <u>Defendants</u>: Sensio intends on taking discovery on the status of the pressure cooker at the time of the alleged injury, frequency of use, instructions, modifications, and the events of the day the alleged injuries occurred. Sensio also intends to take discovery on the nature and extent of Plaintiff's damage.

5.  **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>September 9, 2025</u>. The parties have agreed on a simultaneous exchange of initial disclosures.

6.  **Amended Pleadings**:

    a.  No addition parties may be joined after <u>September 25, 2025</u>. Any motion to join after this date will need to mee the good cause requirements of Fed. R. Civ. P. 16.

    b.  No amended pleadings may be filed after <u>October 25, 2025</u>. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

7.  **Discovery Plan**:

    a.  All fact discovery shall be completed by <u>January 16, 2026</u>.

    b.    Initial requests for production shall be served by <u>September 30, 2025</u>. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion date.

    c.    Initial interrogatories shall be served by <u>September 30, 2025</u>. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d.    Requests to admit shall be served by <u>December 1, 2025</u>.

    e.    Depositions shall be completed by <u>January 16, 2026</u>.

    f.    The parties propose the following limits on discovery. <u>None, subject to Paragraph 7(g) below</u>.

    g.    Except as otherwise modified in 7(f), the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

    h.    He parties would like to address at the conference with the Court the following disputes, if any concerning discovery: <u>None at this time</u>.

8. **Expert Discovery**:

    a.    The parties **DO** anticipate using testifying experts.

    b.    Anticipated areas of expertise: <u>Medical expertise and mechanical engineering expertise</u>.

    c.    Expert discovery shall be completed by: <u>March 2, 2026</u>.

  **d.** By <u>December 15, 2025</u>, the parties shall meet and confer on a schedule for expert disclosures, including reports production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

  **e.** The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:  <u>No issues at this time</u>.

9. **Electronic Discovery and Preservation of Documents and Information**:

  **a.** The parties **HAVE** discussed electronic discovery.

  **b.** If applicable, the parties shall have a protocol for electronic discovery in place by: <u>N/A.</u>

  **c.** The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery: <u>No issues at this time</u>.

10. **Anticipated Motions** (other than summary judgment, if any):  <u>None at this time</u>.

11. **Summary Judgment Motions**:  No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has be obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery

if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply wit the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

12. **Pretrial Submissions**: The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment is made, 30 days after the close of all discovery.

13. **Trial**:
    a. All parties **DO** consent to a trial before a Magistrate Judge at this time.
    b. The case **IS** to be tried to a jury.
    c. The parties anticipate the trial of this case will require <u>5</u> days.

14. **Early Settlement or Resolution**:
    a. Settlement discussions **HAVE NOT** taken place.
    b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: <u>N/A.</u>
    c. The parties have discussed the use of alternative dispute resolution mechanisms for use in this case such as (i) a settlement conference before the Magistrate Judge, (ii) participating in the District's Mediation Program, and (iii) retention of a private mediator. The parties propose the following alternative dispute mechanism in this case: <u>At the close of discovery, but</u>

<u>before pretrial submissions, the parties be given leave to mediate the case with a private mediator.</u>

    d.    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case: <u>After the close of discovery but before pretrial submissions</u>.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**15.**    **Other Matters the parties Wish to Address (if any)**: <u>None at this time.</u>

**16.**    **The Court will fill in the following**:

☐ A status conference will be held before the undersigned on _____ at _____.m in Courtroom 9A, 500 Pearl Street.

☒ The parties shall submit a joint status letter by **Thursday, October 30, 2025** ~~no longer than ___ page~~s.

Respectfully submitted this _____ day _____, _____

| **PLAINTIFF:** | **DEFENDANT:** |
|---|---|
| *s/ Adam J. Kress* | *s/ John J. Zefutie, Jr.* |
| Adam J. Kress, Esq. (*admitted pro hac vice*) | John J. Zefutie, Jr. |
| Johnson Becker PLLC | Colella Zefutie LLC |
| 444 Cedar Street, Suite 1800 | 116 Village Blvd., Suite 200 |
| St. Paul, MN 55101 | Princeton, NJ 08512 |
| P: 800.279.6386 | P: 609.551.9771 x102 |
| E: akress@johnsonbecker.com | E: jzefutie@czlaw.com |

**Date:** **August 26, 2025**
      **New York, NY**

SO ORDERED:

*Gary Stein*

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE