**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

J.M.B., a minor, by and through his mother, ELIZABETH BLAIR, individually, and as custodial parent and next friend,

Plaintiff,

-against-

SENSIO, INC.,

Defendant.

--------------------------------------------------------------X

**23 Civ. 5872 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff J.M.B. ("Plaintiff"), by and through his mother Elizabeth Blair, and Defendant Sensio, Inc. ("Defendant") have moved for leave to file their settlement agreement and related materials under seal. (Dkt. No. 45). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

Plaintiff brought this action on July 10, 2023, complaining of injuries sustained from a pressure cooker distributed by Defendant. (Dkt. No. 1 ("Complaint" or "Compl.")). After engaging in substantial discovery, the parties reported in January 2026 that a settlement had been reached. (Dkt. No. 41). Shortly thereafter, the parties moved for approval of the settlement agreement, due to Plaintiff's status as a minor. (Dkt. No. 46). The Court separately rules on that motion the same day it issues this order.

In support of the motion to approve the settlement, the parties submitted certain documents under seal and filed the instant Consent Motion for Leave to File

Under Seal. (Dkt. No. 45 ("Mot.")). In particular, the parties seek the sealing of the Confidential Settlement Agreement and General Release of All Claims (Dkt. No. 48-1 (the "Settlement Agreement")), the Client Disbursement Document and Statement of Costs (Dkt. No. 48-2 (the "Client Disbursement Document")), documents related to a structured settlement annuity to be established for Plaintiff's benefit (Dkt. No. 48-3 (the "Structured Annuity Documents")), Plaintiff's medical records (Dkt. No. 48-4 (the "Medical Records")), and certain portions of the Proposed Order approving the settlement that contain economic terms of the settlement agreement (Dkt. No. 48 (the "Proposed Order"); *see also* Dkt. No. 46-3). (*See also* Mot. ¶¶ 2, 8).

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted). As a result, motions to seal must be "carefully and skeptically review[ed]" in order to "insure that there really is an extraordinary circumstance or compelling need" to seal the document from public inspection. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

"The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches." *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, No. 23 Civ. 11168 (JGLC), 2024 WL 1743109, at *8

(S.D.N.Y. Apr. 23, 2024). First, the court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119. Second, if the documents are judicial documents, the court must determine the weight of the presumption of access. *Id.* Third, the court must balance "competing considerations" against the weight of the presumption of access. *Id.* at 120.

Applying this test here, the Court first finds that the Settlement Agreement and supporting materials are unquestionably judicial documents given their centrality to the Court's order evaluating whether the Agreement is fair and warrants approval. *See, e.g.*, *Farris v. Avon Prods., Inc.*, No. 23 Civ. 2023 (LAK) (SN), 2024 WL 4441811, at *2 (S.D.N.Y. Oct. 7, 2024) ("[A]lthough in many—if not most—cases, a settlement agreement would not qualify as a judicial document, a settlement that is submitted for court approval is indisputably a document that is relevant to the performance of the judicial function and useful in the judicial process, and thus a judicial document subject to the presumption of access." (cleaned up)). And, as such, the presumption of public access to these materials is strong. *See Under Seal*, 273 F. Supp. 3d at 470 ("The weight of this presumption is heavy, for the documents are pleadings and motion-related filings that are essential to adjudication."); *see also Flores v. City of New York*, No. 21 Civ. 5861 (RA) (SDA), 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (finding, in the context of an infant settlement, that "'[d]ocuments submitted in connection with a motion for approval of a settlement are judicial records to which a strong presumption of access

applies.'" (quoting *Wyatt v. Kozlowski*, No. 19 Civ. 159 (EAW), 2025 WL 1298083, at *1 (W.D.N.Y. May 6, 2025)).

As such, the Court must evaluate whether Plaintiff sufficiently demonstrates that countervailing values justify sealing. After careful consideration, the Court finds that sealing is warranted as to the identity of Plaintiff, his medical records, and the monetary terms of the settlement, to the extent that information is set forth in the Settlement Agreement, the Client Disbursement Document, the Structured Annuity Documents, the Medical Records, and the Proposed Order, but is not otherwise warranted.

The parties' motion provides two broad justifications for the sealing of these materials in full. First, the motion argues that "good cause exists to allow these parties to file the settlement agreement" and supporting materials under seal due to the parties' "agreement to keep the terms of the settlement agreement and certain settlement materials confidential." (Mot. ¶ 2). Second, the motion argues that "the privacy and confidentiality interests of Plaintiff J.M.B. on balance[] outweigh any interest of the public in the information." (*Id.* ¶ 3).

The first argument is wholly unpersuasive. "[T]he mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents." *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 756 (E.D.N.Y. 2016) (quoting *In re General Motors LLC Ignition Switch Litig.*, No. 14 Misc. 2543 (JMF), 2015 WL 7574460, at *10 (S.D.N.Y. Nov. 25, 2015)); *see also Flores*, 2025 WL 2998058, at *3 ("As Judge

Abrams previously explained, parties' agreement that materials should remain confidential is not, in itself, sufficient to justify sealing." (cleaned up)); *Halwani v. Brightside Health, Inc.*, No. 23 Civ. 3686 (KAM), 2024 WL 4132369, at *2 (E.D.N.Y. Sept. 10, 2024) (applying rule in context of settlement of wrongful death action). Plaintiff does not address this rule, let alone provide any reasoned basis for why it should not apply here.

Plaintiff's privacy interests, however, carry much greater weight. In the context of settlements with minors, courts in this Circuit have found that protecting the "legitimate privacy interests" of a minor can "outweigh the presumption of public access under both the common law and the First Amendment." *Flores*, 2025 WL 2998058, at *3; *see also Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 17 Civ. 52 (BKS), 2021 WL 2188167, at *4 (N.D.N.Y. May 28, 2021) ("[U]nder the circumstances of this particular case—where [p]laintiffs themselves also seek redaction of this information, citing privacy concerns that the Court finds to be legitimate and plausible in light of the settlement amount and other settlement terms—the Court finds that limited redaction of certain financial information from the settlement agreement is justified and necessary to protect [p]laintiffs' legitimate privacy interests which outweigh the presumption of public access under both the common law and the First Amendment."). And, as such, those courts have approved the sealing of the total settlement amount to be received by a minor. *See Flores*, 2025 WL 2998058, at *3; *Hunter*, 2021 WL 2188167, at *4; *Savarese v. Cirrus Design Corp.*, No. 09 Civ. 1911 (JGK), 2010 WL 815027, at *1

(S.D.N.Y. Mar. 9, 2010); *Avant v. Cnty. of Erie*, No. 20 Civ. 1689 (LJV), 2025 WL 2581681, at *2–3 (W.D.N.Y. Aug. 29, 2025).

To be sure, in other cases involving minors, other courts in this Circuit have declined to seal the settlement amount. *See Joji v. Kuwait Airways Corp.*, No. 08 Civ. 4339 (JO), 2010 WL 1286362, at *1–2 (E.D.N.Y. Apr. 2, 2010); *F.P. by Paino v. Kimberly-Clark Corp.*, No. 23 Civ. 5798 (HG), 2023 WL 6930677, at *3 (E.D.N.Y. Oct. 19, 2023); *Camac v. Long Beach City Sch. Dist.*, No. 09 Civ. 5309 (MLB) (GRB), 2012 WL 3277228, at *3 n.3 (E.D.N.Y. July 25, 2012), *R&R adopted*, 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013). Nonetheless, the Court is persuaded to follow the former approach in the circumstances of this case, where, among other things, Plaintiff affirmatively seeks sealing of the settlement based on his privacy and confidentiality concerns.

In reaching this conclusion, the Court has considered the settlement amount itself. *See Hunter*, 2021 WL 2188167, at *4 ("The settlement amount itself may be one relevant factor in determining whether, in a particular case, a plaintiff's privacy concerns regarding the settlement are significant and legitimate enough to overcome the usual presumption to public access."); *see also Flores*, 2025 WL 2998058, at *3 (considering the settlement amount in finding that it should remain confidential). Disclosure of the settlement amount could lead to unwelcome solicitation or inquiries from third parties given that the full name of Plaintiff's mother appears as part of the public record in this case and it would not be difficult

for others to determine Plaintiff's identity, particularly those who already know Plaintiff or his mother.

Such concerns do not arise where sealing is sought solely by the defendant, *see Yasmin D. by Dunbar v. City of New York*, No. 14 Civ. 7131 (JGK) (HBP), 2015 WL 13882434, at *2 (S.D.N.Y. Dec. 8, 2015), or where the amount awarded is impermissibly low, *see Camac*, 2012 WL 3277228, at *3 n.3 (finding that parties' joint interest in confidentiality was "not compelling here given," among other things, "the 'nuisance' value sum at issue"). Moreover, while public disclosure of private settlement amounts may be necessary in certain contexts to promote statutory or other public policy goals, *see, e.g.*, *Hens v. Clientlogic Operating Corp.*, No. 05 Civ. 381S (WMS), 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010) ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." (quotation omitted)), such concerns do not apply in this case.

Although "generalized concerns about confidentiality or the potential that disclosure would make future settlements more difficult is not enough, standing alone, 'to overcome the presumption of public access to settlements requiring court approval,'" *Avant*, 2025 WL 2581681, at *2 (quoting *Hunter*, 2021 WL 2188167, at *3), keeping the settlement amount confidential in this case is necessary to protect Plaintiff's clearly invoked and legitimate privacy interests. Accordingly, the Court finds that the Settlement Agreement may properly be redacted to avoid public disclosure of the settlement amount.

The Client Disbursement Document and the Structured Annuity Documents likewise may be redacted to protect against disclosure of the settlement amount, as well as Plaintiff's personal information. *See also Savarese*, 2010 WL 815027, at *1 ("It is plain that some portions of the documents and proceedings must be filed under seal, including the names of minor children and bank account information."). And the Medical Records contain the kind of highly sensitive information which courts routinely allow to remain sealed. *See, e.g.*, *Jin v. Choi*, No. 20 Civ. 9129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (sealing medical records even after their public filing almost four months prior as plaintiffs "maintain[] significant privacy rights to [their] medical information" and records containing "treatment notes with more detailed health information" justify sealing "however belated" (internal quotations omitted)); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14 Civ. 476S (WMS), 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information." (collecting cases)). Finally, any references to Plaintiff's full name are appropriately redacted.[1] *See* Fed. R. Civ. P. 5.2(a); *see also Winkler v. Grant*, 370 F. App'x 145, 147 (2d Cir. 2010) (finding abuse of discretion where district court ordered unsealing of "exhibits listing the [plaintiff's] children's names in unredacted

[1] This also applies to the "Plaintiff's Medicare Information" addendum to the Settlement Agreement, which includes Plaintiff's full name, address, social security number, and date of birth. None of that highly personal and sensitive material was relied on in the Court's separate order, and Plaintiff's privacy interests outweigh the low presumption of access held by the public. Thus, this material also may properly be redacted. *See also* Fed. R. Civ. P. 5.2(a).

form" where the court "appear[ed] to have overlooked those instances" in ruling on the sealing request). As such, sealing of the materials and information outlined above, each of which inherently implicates Plaintiff's legitimate privacy interests, is warranted.

However, the remainder of the Settlement Agreement, the Client Disbursement Document, and the Structured Annuity Documents, the contents of which do not impinge upon Plaintiff's privacy interests, should not be kept under seal. This includes the information in the Client Disbursement Document showing the various percentages (though not the dollar amounts) payable to the different attorneys involved in this case. Even those courts which have allowed sealing of the total settlement amount have refused redaction of similar information about attorneys' fees, litigation costs or expenses "as public disclosure of that information does not reveal anything about the settlement amount that would implicate [p]laintiffs' privacy concerns[.]" *Hunter*, 2021 WL 2188167, at *4 & n.3; *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 17 Civ. 52 (BKS) (N.D.N.Y.), Docket Number 170; *see also Avant*, 2025 WL 2581681, at *2; *Savarese*, 2010 WL 815027, at *1; *Savarese v. Cirrus Design Corp.*, No. 09 Civ. 1911 (JGK) (KNF) (S.D.N.Y.), Docket Numbers 17, 24. Nor does Plaintiff make any showing that this material should remain under seal. Moreover, the overall one-third contingency fee percentage was already publicly disclosed in Plaintiff's motion for approval of the settlement agreement. (*See* Dkt. No. 46 ¶¶ 17–19). *See also Howie v. Ernst & Young LLP*, No. 25 CIV. 5973 (RA) (GS), 2026 WL 836193, at *12 (S.D.N.Y. Mar. 26,

2026) ("As a general rule, 'it is improper to seal information that is already public.'" (quoting *N. Am. Soccer League LLC v. U.S. Soccer Fed., Inc.*, No. 17 Civ. 5495 (BMC), 2024 WL 2959967, at *30 (E.D.N.Y. June 12, 2024)), *opinion clarified*, 2026 WL 1179628 (S.D.N.Y. Apr. 30, 2026). Accordingly, while the dollar amounts for attorneys' fees should be redacted, the percentages should not be.

For the foregoing reasons, Plaintiff's sealing motion is **GRANTED in part** and **DENIED in part**. Plaintiff is directed to file redacted versions of the applicable materials in accordance with the ruling herein. The Clerk of Court is respectfully directed to close the open motion at Docket Number 45.

**SO ORDERED.**

DATED: New York, New York
August 28, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge